IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JUSTIN LEE GIDDENS,

    Petitioner,

v.                                             Civil Action No. **3:07CV270**

GENE JOHNSON,

    Respondent.

## MEMORANDUM OPINION

Petitioner, a Virginia state prisoner, filed this petition for a writ of habeas corpus challenging the execution of his sentence by the Virginia Department of Corrections ("VDOC"). Specifically, Petitioner contends that the VDOC failed to give him credit for the time he served and otherwise failed to properly calculate his sentence. Petitioner requests that the Court order Respondent to properly calculate his sentence and order his release. On May 21, 2007, however, Petitioner was released from incarceration and has fully served the sentences for which he was imprisoned. Therefore, Respondent has moved to dismiss on the grounds that Petitioner's claims are moot. Petitioner has not responded.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (*citing Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Where a habeas petitioner challenges the execution of his sentence and that "sentence has expired, . . . some concrete and continuing injury other than the now-ended incarceration . . . must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7 (*quoting Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)). This is necessary because the petitioner must have suffered an actual injury which can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (*quoting Lewis v. Continental Bank Corp.*,

494 U.S. 472, 477-78 (1990)); *see Spencer*, 523 U.S. at 18 (stating that the federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong"). Here, Petitioner complains that the VDOC incorrectly calculated the time he was required to serve prior to his release from prison. Petitioner has now been released. Thus, there is no remedy in habeas available to Petitioner. *See Spencer*, 523 U.S. at 7-8; *Lane v. Williams*, 455 U.S. 624, 633 (1982). Accordingly, the motion to dismiss (Docket No. 7) will be GRANTED. The action will be DISMISSED as MOOT.

An appropriate Order shall issue.

Dated: MAR 1 3 2008
Richmond, Virginia

/s/
Richard L. Williams
United States District Judge